# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEFFREY TOPOL,**

      **Plaintiff,**

**v.**                                           **Case No:   6:15-cv-1526-Orl-40KRS**

**ARTECH INFORMATION SYSTEMS, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. No. 33)**
>
> **FILED:      May 19, 2016**

## I.   CASE BACKGROUND.

On April 20, 2016, Plaintiff Jeffrey Topol filed a second amended complaint against Defendant Artech Information Systems, LLC ("Artech"). Doc. No. 30 (the "Second Amended Complaint"). In the Second Amended Complaint, Topol asserted that Artech violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay him the overtime compensation required by law. On May 19, 2016, Artech filed the above-captioned motion requesting that the Second Amended Complaint be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Doc. No. 33. Topol responded to the motion on

June 16, 2016. Doc. No. 40. The motion has been referred to the undersigned for a Report and Recommendation, and it is now ripe for review.

## II.     ALLEGATIONS OF THE AMENDED COMPLAINT.

Artech was a sub-contractor that performed work for Disney. Doc. No. 30 ¶ 4. Topol was employed by Artech as a Structured Query Language Server Database Administer from July 2012 until May 2015. *Id.* ¶ 20. Artech was responsible for setting Topol's rate of pay, his hours worked, and his job duties and day-to-day activities. *Id.* ¶ 4. At various times during his employment Topol worked more than forty hours within a workweek, *id.* ¶ 21, but Artech failed to pay him overtime for all the overtime hours he worked, *id.* ¶¶ 23, 26. Artech's actions were willful, and showed reckless disregard for the provisions of the FLSA. *Id.* ¶ 24.

## III.    ANALYTICAL STANDARD.

"To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a court must accept as true well-pled allegations, it is not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678.

## IV.     DISCUSSION.

Artech contends that the Second Amended Complaint should be dismissed because it "lacks specific allegations regarding the frequency of [Topol]'s alleged overtime work, the amount of

alleged unpaid hours, the method by which his time was recorded, the method by which he was compensated, or the approximate value of the overtime compensation he alleges is due." Doc. No. 33 ¶ 2. While the Second Amended Complaint lacks these details, the failure to provide this information does not warrant dismissal under Rule 12(b)(6).

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).[1] To state a claim under the FLSA for unpaid overtime wages, an employee must allege that "(1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him . . . overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't., Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). As to the third element, "[t]here is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages." *Ramos v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-21693-CIV-MORENO, 2012 U.S. Dist. LEXIS 125052, at *5 (S.D. Fla. Aug. 30, 2012).

Here, Topol alleges that during some weeks he worked more than forty hours, and that he was not paid the overtime rate for all of these hours. Those allegations are sufficient to allege the third element of an FLSA overtime claim – that the defendant failed to pay him overtime wages. Topol is not required to plead which weeks he worked overtime, the number of overtime hours worked each week, or the amount of the FLSA damages he seeks.[2] *Ceant v. Aventura Limousine*

---

[1] Unpublished decisions of the United States Court of Appeals for the Eleventh Circuit are cited herein as persuasive authority.

[2] Courts within the Eleventh Circuit have routinely denied motions to dismiss when the basis of the motion is the failure to plead the specific weeks the plaintiff worked overtime, the number of overtime hours worked each week, or the amount of the FLSA damages sought. *Matallana v. McDonald's Corp.*, No. 6:09-cv-0090-Orl-22GJK, 2009 U.S. Dist. LEXIS 128172, at *3-4 (M.D. Fla. Mar. 2, 2009), *adopted by* 2009 U.S. Dist. LEXIS 22041 (M.D. Fla. Mar. 18, 2009); *Houston v. JT Private Duty Home Care, LLC*, No. 2:14-cv-235-FtM-38DNF, 2014 U.S. Dist. LEXIS 137255, at *10-12 (M.D. Fla. Sept. 27, 2014); *Mitial v. Dr. Pepper*

*& Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1380 (S.D. Fla. 2012). Therefore, Artech's motion to dismiss is not well taken.[3]

## V. RECOMMENDATION.

In light of the foregoing, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss the Second Amended Complaint (Doc. No. 33) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 24, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

*Snapple Grp.*, No. 11-81172-CIV-MARRA, 2012 U.S. Dist. LEXIS 90520, at *9-10 (S.D. Fla. June 29, 2012); *Batista v. OS Rest. Servs., LLC*, No. 8:14-cv-02874-EAK-EAJ, 2015 U.S. Dist. LEXIS 50985, at *4 (M.D. Fla. Apr. 17, 2015); *White v. NIF Corp.*, No. 15-322-WS-N, 2015 U.S. Dist. LEXIS 104894, at *2 (S.D. Ala. Aug. 11, 2015); *Dyer v. M&M Asphalt Maint., Inc.*, No. 6:15-cv-959-Orl-37KRS, 2015 U.S. Dist. LEXIS 108127, at *4 (M.D. Fla. Aug. 14, 2015); *Dayton v. Flexicom, LLC*, No. 2:15-cv-342-FtM-29MRM, 2015 U.S. Dist. LEXIS 146265, at *2-4 (M.D. Fla. Oct. 28, 2015). In *Alonso v. Ocean CC, LLC*, No. 14–23869–CIV, 2015 U.S. Dist. LEXIS 45244 *4 (S.D. Fla. 2015), the court dismissed an FLSA overtime claim on the grounds alleged by Defendant. However, that decision is not binding on this Court and it is not consistent with the majority of the courts addressing this issue.

[3] Artech has not challenged the adequacy of the Second Amended Complaint as to the first two elements of an FLSA overtime claim. Therefore, the Court need not consider whether those elements have been properly pled.