# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEFFREY TOPOL,**

      **Plaintiff,**

**v.**                                            **Case No:  6:15-cv-1526-Orl-40KRS**

**ARTECH INFORMATION SYSTEMS, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO DISMISS CASE WITHOUT PREJUDICE (Doc. No. 56)**
>
> **FILED:**      **November 29, 2016**

On September 16, 2015, Plaintiff, Jeffrey Topol, initiated this lawsuit against Defendants HCL America, Inc.; Walt Disney Parks and Resorts Worldwide, Inc.; and Donald J. Ross, alleging that Defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Doc. No. 1. On November 20, 2015, after further investigation and based upon representations by counsel for the original Defendants, Plaintiff amended his complaint to drop the original Defendants and name Artech, Inc., as the sole Defendant. Doc. No. 23. With the amended complaint, Plaintiff continued to allege violations of the overtime provisions of the FLSA. *Id.* On April 20, 2016, Plaintiff filed a second amended complaint, naming Artech Information Systems, LLC (the current Defendant), as the sole Defendant. Doc. No. 30. With the second

amended complaint, Plaintiff continued to allege violations of the overtime provisions of the FLSA. *Id.*

The parties have now filed a stipulation of voluntary dismissal without prejudice (Doc. No. 56)[1] under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which provides that each side will bear its own fees and costs.  On December 6, 2016, I held a telephonic hearing.[2]  At the hearing, counsel for the parties indicated that no settlement of FLSA claims has been reached or discussed.  Instead, they explained that the parties have stipulated to dismissal because Plaintiff needs additional time to investigate the identity of his true employer.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  *Id.* at 1353.  As there has been no settlement or resolution of claims under the FLSA in this case, the Court need not consider a settlement for fairness.  Accordingly, I **RESPECTFULLY RECOMMEND** that the Court approve the parties' stipulation of dismissal (Doc. No. 56), and dismiss the case without prejudice, each party to bear its own fees and costs.  I **FURTHER RECOMMEND** that the Court direct the Clerk to close the file after an order of dismissal is entered. *See Alvarado v. Robo Enters., Inc.*, No. 6:15-cv-1420-Orl-KRS, Doc. No. 89 (M.D. Fla. Dec. 8, 2016) (dismissing FLSA case without prejudice after filing joint stipulation of voluntary dismissal without prejudice); *Kerr v. Powerplay Arcade, Inc.*, No. 6:07-cv-1441-Orl-19KRS, 2007 WL

---

[1] Although the document was filed as and is titled a "motion," it is more properly characterized as a stipulation of dismissal, which is self-executing.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012).

[2] An audio recording of the hearing is available for the Court's consideration.

3307091 (M.D. Fla. Nov. 6, 2007) (dismissing FLSA case without prejudice after filing of notice of voluntary dismissal).

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 14, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE